IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

THEODORE D. KARANTSALIS,

    Plaintiff,
v.

                                          CASE NO.: 19-CV-24123-UU

CITY OF MIAMI SPRINGS, FLORIDA,

    Defendant.
_____/

## **FOURTH AMENDED COMPLAINT**

COMES NOW Plaintiff, THEODORE D. KARANTSALIS, by and through undersigned counsel, and files this Fourth Amended Complaint against City of Miami Springs, Florida, and and states as follows:

## **INTRODUCTION**

1. This is an action initiated for the denial of federally secured rights under Title II of the Americans with Disabilities Act of 1990, as amended; and Section 504 of the Rehabilitation Act of 1973.

2. This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1343 for plaintiffs' claims arising Under the Americans with Disabilities Act ("ADA"),42 U.S.C. §§ 12131, et seq., and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. Section 794.

3. Venue is proper in this District under 28 U.S.C. § 1391 as this is the district in which the events giving rise to the Plaintiff's claim occurred and as this is an action which is not founded solely on diversity of citizenship.

## PARTIES

4. Defendant, CITY OF MIAMI SPRINGS, FLORIDA (hereinafter "the CITY") is a Florida municipality organized and existing under the laws of the State of Florida.

5. Plaintiff, THEODORE D. KARANTSALIS ("Plaintiff" or KARANTSALIS) is a qualified individual with a disability, as defined under the Americans with Disabilities Act of 1990, ("ADA"), the Rehabilitation Act, and all applicable regulations and is otherwise *sui juris*.

6. KARANTSALIS lives with multiple sclerosis, an autoimmune disease that causes changes to the nervous system, and his symptoms include double vision, hearing loss, cognitive impairments, numbness in extremities and loss of balance. Plaintiff currently relies on a wheelchair and stability devices for mobility.

7. Until 2017, KARANTSALIS was an active runner and bicyclist. Miami-Dade County appointed KARANTSALIS to its County Bicycle/Pedestrian Advisory Board Committee where he pushed locally for extending bike paths and more connectivity.

8. In January 2017, the damage to KARANTSALIS' myelin progressed, and he started falling and developed a limp.

9. Because of the progression of his disease, in June 2017, KARANTSALIS applied for and was issued a Florida disabled parking permit.

10. In December 2018, walking became much more difficult for KARANTSALIS and he started using two forearm crutches for support.

11. On February 2019, KARANTSALIS developed skin rashes on about 80 percent of his body, leading to a subsequent diagnosis of psoriatic arthritis. This further limited KARANTSALIS ability to walk.

12. In June 2019, an MRI showed more brain lesions, and KARANTSALIS started experiencing increased numbness in extremities, myoclonic jerks and buckling knees. KARANTSALIS' neurologist prescribed Avonex and a manual wheelchair.

13. KARANTSALIS lives in the City of Miami Springs and uses his vehicle on a daily basis to travel to areas within the City.

14. Defendant is a Florida municipal corporation and a public entity under Title II of the Americans with Disabilities Act which operates a program or services of providing parking for automobiles, right of ways, and sidewalks in areas within their city limits.

15. Defendant is a recipient of federal financial assistance and is subject to the requirements of Section 504 of the Rehabilitation Act.

**FACTS**

16. In 2008, the manifestation of KARANTSALIS' multiple sclerosis was diplopia, which manifested as double vision (correctable with prism glasses) and drop foot. Despite his condition, KARANTSALIS was very strong, lifted weights and jogged/walked about 30 miles a week.

17. At the time, KARANTSALIS was appointed to the county's Bicycle Pedestrian Advisory Committee, and his activism was to get improved bike paths. At the time, his mobility impairment did not substantially limit an everyday life activity.

18. In 2008, KARANTSALIS sued City of Miami Springs, Miami-Dade County, Florida Department of Transportation, Secretary of the Florida Department of Transportation for all public rights-of-way in the City of Miami Springs. However, Mr. KARANSALIS brought the *pro se* case as a committee member of the Bicycle/Pedestrian Advisory Board that "identifies opportunities, recommends projects and provides input on projects that affect people who walk

or ride their bike, in order to make bicycling and waling safe methods of transportation and recreation in Miami-Dade County."

19. KARANTSALIS was advised by the Assistant County Attorney that he did not have standing to bring the case and the case would be dismissed as he was able to use all the services and programs as stated in his complaint. He understood the Assistant County Attorney's argument and dismissed the case without any settlement agreement, or any required action by the defendants as a result of his case.

20. While KARANTSALIS has been aware of the ADA non-compliance by the City of Miami Springs, and in his neighborhood, his multiple sclerosis was not as symptomatic in 2008, as it is today.

21. KARANTSALIS uses a walker and a wheelchair and has not been able to travel on the sidewalks on either side of the street from his home on the corner of Swan Avenue and Shadow Way to the municipal swimming pool on Swan Avenue and Chippewa Street.

22. These sidewalks were renovated in 2016.

23. KARANTSALIS regularly attempts to use the City's gymnasium located at 1401 Westward Dr., but it is improperly configured to adequately serve persons with mobility impairments, such as KARANTSALIS.

24. The gymnasium fails to have at least one of each type of weight machines, treadmills, ellipticals, and stationary bicycles by a 32-inch path of travel, thus not allowing Plaintiff to maneuver about using his wheelchair or mobility devices.

25. KARANTSALIS has attempted to find accessible or even available parking in the vicinity of facilities within the City of Miami Springs and has not been able to park because of

the inadequate number of accessible parking spaces, which includes access aisles, curb cuts, and signage.

26. KARANTSALIS also cannot obtain accessible parking by the following facilities that have no parking in the immediate vicinity as follows:

   a. City of Miami Springs Public Works Department – there are no accessible parking spaces in the site's vicinity.

   b. City of Miami Springs City Hall – the measured distance to the nearest accessible parking space is 215 feet from the entrance.

   c. Post Office – the measured distance to the nearest accessible parking space in 237 feet.

   d. Lack of accessible parking to the Miami Springs Community Police Station on Westward Drive – the measured distance to the nearest accessible parking space is 324 feet.

   e. The tennis courts located at 401 Westward Dr. has 27 parking spaces and no disabled parking spaces.[1]

   f. The new picnic/Tiki Hut park areas along Ludlam Road that have "Beware of Alligator" signs have no accessible parking spaces.

27. The City of Miami Springs spends approximately $250,000 per year in, milling and resurfacing streets, repainting streets, as well as sidewalk improvements.

28. The City of Miami Springs five-year capital improvement plan allots

---

[1] KARANTSALIS and his son watch KARANTSALIS' brother-in-law, an avid tennis player, play at the courts approximately every other week.

$100,000 per year in street/sidewalk resurfacing from 2019 to 2024.

29. The City of Miami Springs has constantly resurfaced its streets, sidewalks, and altered its facilities on a constant basis.

30. As a result of failing to have adequate sidewalk access, recreation facilities, or adequate on-street parking, the City of Miami Springs has denied KARANTSALIS the equal use and enjoyment of the programs, services and benefits of the City of Miami Springs.

31. Plaintiff has retained the services of Disability Independence Group, Inc. to represent him in this matter, and has agreed to pay the agency for its reasonable fees and costs for the prosecution of this matter.

### Count I: Violation of the Americans with Disabilities Act

32. Plaintiff restates paragraphs one through 31 as if alleged herein.

33. The City of Miami Springs is a public entity pursuant to 42 U.S.C. § 12131(1).

34. The City of Miami Springs has discriminated against KARANTSALIS by the following:

　　a. Denying a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service;

　　b. Affording a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;

　　c. Providing a qualified individual with a disability with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the

    same result, to gain the same benefit, or to reach the same level of achievement as that provided to others;

  d. Otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service.

  35. The City has failed to ensure that KARANTSALIS has accessible sidewalks from his home to nearby municipal facilities.

  36. The City has failed to ensure that KARANTSALIS has use and enjoyment of the gymnasium by denying him an accessible path to exercise equipment.

  37. The City has failed to meet their requirements to provide program or service accessibility by not having adequate on-street parking spaces in compliance with the Public Rights-Of-Way Accessibility guidelines (PROWAG) developed by the United States Access Board, Table R214, which requires a certain number of spaces on each block perimeter, as well as parking spaces that comply with Section 502 of ADAAG revised.

  38. The City has failed to meet their requirements to provide program or service accessibility by not complying with the requirements of § 553.5041, Florida Statutes, which includes, but is not limited to the requirement that the City maintains accessible parking space in the immediate vicinity of a publicly owned or leased building that houses a governmental entity or a political subdivision, including, but not limited to, state office buildings and courthouses, if parking for the public is not provided on the premises of the building.

  39. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action and has agreed to pay his counsel reasonable attorneys; fees, including costs and expenses incurred in this action, and Plaintiff is entitled to recover those attorneys'

fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

**WHEREFORE**, Plaintiff, THEODORE D. KARANTSALIS, respectfully requests the Court issue a permanent injunction requiring the Defendant, CITY OF MIAMI SPRINGS from continuing its discriminatory practices, and providing Mr. Karantsalis the ability to have the equal use and enjoyment of the City's parking and street program and require the City to ensure that KARANTSALIS has an accessible sidewalk, accessible path to equipment in the gymnasium, adequate access to the parking program across the City of Miami Springs, as well as attorney's fees, costs, and expenses incurred in this action.

Respectfully Submitted on February 28, 2022.

By: */s/ Matthew W. Dietz*
Matthew W. Dietz, Esq.
Florida Bar No.: 0084905

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to all parties and counsel of record, or in some other authorized manner for those counsel or parties who are not authorized to receive notices electronically.

By: */s/ Matthew W. Dietz*
Matthew W. Dietz, Esq.
Florida Bar No.: 0084905
DISABILITY INDEPENDENCE GROUP, INC.
2990 Southwest 35th Avenue
Miami, Florida 33133
P: (305) 669-2822 / F: (305) 442-4181
mdietz@justdigit.org
aa@justdigit.org