UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:   19-cv-24123-CMA

THEODORE KARANTSALIS,

      Plaintiff,

vs.

CITY OF MIAMI SPRINGS,

      Defendant.
_____/

## DEFENDANT, CITY OF MIAMI SPRINGS' ANSWER AND DEFENSES TO THE FOURTH AMENDED COMPLAINT

Defendant, CITY OF MIAMI SPRINGS ("City"), by and through its undersigned attorneys, files its Answer and Defenses to the Fourth Amended Complaint [DE 57] filed by Plaintiff, THEODORE KARANTSALIS, and states as follows:

1. Defendant admits the allegations in paragraph 1 to the extent that Plaintiff's has filed a lawsuit against Defendant purporting to assert the denial of federally protected rights under Title II of the American with Disabilities Act of 1990 ("ADA"), and Section 504 of the Rehabilitation Act. Defendant denies that Plaintiff has asserted viable claims against Defendant, denies that Plaintiff is entitled to any damages, and demands strict proof.

2. Defendant admits the allegations in paragraphs 2 and 3 for jurisdictional purposes only. Defendant denies that Plaintiff is entitled to any damages, denies the remainder of the allegations in paragraphs 2 and 3, and demands strict proof.

3. Defendant admits the allegations in paragraph 4.

4. Defendant denies the allegations in paragraph 5 through 13, inclusive, and demands strict proof.

5. Defendant admits the allegations in paragraphs 14 and 15.

6. Defendant denies the allegations in paragraph 16 through 31, inclusive, and demands strict proof.

7. Defendant denies the allegations in Count I, comprised of paragraphs 32 through 39, inclusive, and demands strict proof.

8. Defendant denies any and all allegations not specifically admitted in this answer and demands strict proof.

9. The fourth amended complaint fails to state a valid claim upon which relief can be granted.

10. Plaintiff suffered no economic damages whatsoever.

11. Plaintiff has failed to mitigate his alleged damages.

12. Defendant's conduct was based upon reasons which were reasonable, legitimate, and non-discriminatory.

13. Defendant's facilities, programs, structures, sidewalks, and parking spaces are constructed, maintained, and/or renovated in accordance with the guidelines as set forth by the ADA. Defendant does not exclude participation or deny benefits to individuals based on their disability.

14. Plaintiff fails to allege that he was denied the benefit of a service, program, or activity or that he was otherwise discriminated against by the City based on his disability.

15. The City is not required to build sidewalks where none exist.

16. Any and all renovations to the City's sidewalks after 1992, were in compliance with the ADA.

17. The City has adequate accessible parking facilities.

18. The City does not own, operate, or control the properties listed in the fourth amended complaint.

19. Plaintiff has failed to satisfy all conditions precedent and/or exhaust all of his administrative remedies.

20. Plaintiff has no standing to sue for the violation claimed in this case.

21. Plaintiff's claim is not ripe for judicial review.

22. Plaintiff's claims for various remedies are subject to elimination, limitation, reduction, and preclusion, and are subject to 42 U.S.C. § 1981(a).

23. Plaintiff is not disabled or regarded as disabled as defined under the ADA.

24. No causal connection exists between Plaintiff's purported disability and any alleged denial of services, facilities, sidewalks or parking spaces.

25. Defendant did not intentionally discriminate against Plaintiff.

26. The actions requested by Plaintiff would result in an undue burden to the City, and as such are not required by the ADA.

27. Plaintiff's claims are moot.

28. Once Defendant has prevailed in this action, Defendant is entitled to its attorney's fees and costs in accordance with applicable statutes that Plaintiff has asserted violations under. Therefore, Defendant demands judgment for its attorney's fees.

29. Defendant reserves the right to assert such other affirmative defenses available as may be revealed through discovery and disclosure in this matter.

## **DEMAND FOR JURY TRIAL**

Defendant, CITY OF MIAMI SPRINGS, hereby demands a trial by jury on all issues so triable as a matter of right.

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 28th day of February, 2022, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

                                        JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:   (954) 463-0100
Facsimile:   (954) 463-2444
Stearns@jambg.com / berens@jambg.com
Gibson@jambg.com / cardona@jambg.com


BY:  /s/Christopher J. Stearns
      CHRISTOPHER J. STEARNS
      Florida Bar No. 557870

     /s/Selena A. Gibson
      SELENA A. GIBSON
      Florida Bar No. 299325

## SERVICE LIST

**MATTHEW W. DIETZ, ESQ.**
DISABILITY INDEPENDENCE GROUP, INC.
2990 S.W. 35th Avenue
Miami, Florida 33133
Phone:          (305) 669-2822
Facsimile     (305) 442-4181
mdietz@justdigit.org
aa@justdigit.org

---

**CHRISTOPHER J. STEARNS, ESQ.**
**SELENA A. GIBSON, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant City of Miami Springs**
2455 E. Sunrise Boulevard, Suite 1000
Fort Lauderdale, Florida 33304
Telephone:    (954) 463-0100
Facsimile:     (954) 463-2444
stearns@jambg.com
gibson@jambg.com