```
 1                   IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF FLORIDA
 2                              MIAMI DIVISION
                         CASE NO. 1:19-cv-24123-CMA
 3

 4      THEODORE D. KARANTSALIS,

 5            Plaintiff,                        September 26, 2022
                                                4:33 p.m.
 6            vs.

 7      CITY OF MIAMI SPRINGS,FLORIDA,

 8            Defendant.                        Pages 1 THROUGH 3

 9      _____

10
                  TRANSCRIPT OF EXCERPT OF BENCH TRIAL
11             BEFORE THE HONORABLE CECILIA M. ALTONAGA
                  UNITED STATES CHIEF DISTRICT JUDGE
12

13      Appearances:

14      FOR THE PLAINTIFF:   NSU - SHEPARD BROAD COLLEGE OF LAW
                             MATTHEW W. DIETZ, ESQ.
15                           TALHIA RANGEL, ESQ.
                             LEIGH C. MARKOWITZ, ESQ.
16                           3305 College Avenue
                             Davie, Florida 33314
17

18      FOR THE DEFENDANT:   JOHNSON ANSELMO
                             CHRISTOPHER J. STEARNS, JR., ESQ.
19                           SELENA A. GIBSON, ESQ.
                             2455 East Sunrise Boulevard, Suite 1000
20                           Fort Lauderdale, Florida 33304

21
        COURT REPORTER:      Yvette Hernandez
22                           U.S. District Court
                             400 North Miami Avenue, Room 10-2
23                           Miami, Florida 33128
                             yvette_hernandez@flsd.uscourts.gov
24

25
```

| | |
|---|---|
| 1 | * * * * * * * * * * * |
| 2 | THE COURT: So let me reiterate that I have found that |
| 3 | Mr. Garra, architect and ADA consultant, provided the most |
| 4 | helpful testimony at today's trial. He testified that any |
| 5 | order that I entered requiring the City to put parallel |
| 6 | accessible parking spaces on Westward Drive would violate 2010 |
| 7 | ADA standards. He testified that he saw no ADA violations |
| 8 | present at the gym facilities. What we saw were temporary |
| 9 | interruptions, such as a cone or a garbage can, that -- we |
| 10 | heard the testimony of Mr. Luna regarding that issue and how |
| 11 | oftentimes what the City uses to prop up the doors is lost or |
| 12 | stolen. And so these are temporary barriers that are removed. |
| 13 | And Mr. Garra also testified about the absence of any ADA |
| 14 | violation at the tiki hut's area of the city. |
| 15 | * * * * * * * * * * |

```
 1   UNITED STATES OF AMERICA       )

 2   ss:

 3   SOUTHERN DISTRICT OF FLORIDA   )

 4                  C E R T I F I C A T E

 5         I, Yvette Hernandez, Certified Shorthand Reporter in

 6   and for the United States District Court for the Southern

 7   District of Florida, do hereby certify that I was present at,

 8   and reported in machine shorthand, the proceedings had the 26th

 9   day of September, 2022, in the above-mentioned court; and that

10   the foregoing transcript is a true, correct, and complete

11   transcript of my stenographic notes.

12         I further certify that this transcript contains pages

13   1 - 3.

14         IN WITNESS WHEREOF, I have hereunto set my hand at

15   Miami, Florida, this 28th day of October, 2022.

16

17                     /s/Yvette Hernandez
                       Yvette Hernandez, CSR, RPR, CLR, CRR, RMR
18                     400 North Miami Avenue, 10-2
                       Miami, Florida 33128
19                     (305) 523-5698
                       yvette_hernandez@flsd.uscourts.gov
20

21

22

23

24

25
```